UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FREEDOM FRESH, LLC,<br><br>      Plaintiff,<br><br>  - against -<br><br>CRYSTAL CRUISES, LLC, FOOK YEW AU, KEVIN C. JONES, RICARDO JAVIER CELORIO, JESSICA S. HOPPE, and JACK DU WAYNE ANDERSON,<br><br>      Defendants. | Case No. 1:22cv20327 |

## **COMPLAINT**

Plaintiff Freedom Fresh, LLC ("Plaintiff" or "Freedom Fresh"), by and through undersigned counsel, as and for its complaint against defendants Crystal Cruises, LLC ("Crystal Cruises"), Fook Yew Au ("Au"), Kevin C. Jones ("Jones"), Ricardo Javier Celorio ("Celorio"), Jessica S. Hoppe ("Hoppe"), and Jack Du Wayne Anderson ("Anderson") (Crystal Cruises, Au, Jones, Celorio, Hoppe, and Anderson collectively, "Defendants"), alleges as follows:

## **JURISDICTION AND VENUE**

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. §§ 499e(b) and 499e(c)(5), and 28 U.S.C. § 1331. Personal jurisdiction exists over Defendants as they transact business in this district and/or caused a tortious injury in this District by failing to preserve and pay over trust assets belonging to Plaintiff.

2. Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

- 1 -

## PARTIES

3. Plaintiff Freedom Fresh is a Florida limited liability company with its principal place of business in Medley, Florida, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding license number 20011163.

4. Defendant Crystal Cruises is a California limited liability company registered to do business in Florida with its principal place of business in Miami, Florida. *See* 2021 Florida Annual Report, attached hereto as Exhibit 1. Crystal Cruises is engaged in the business of buying wholesale quantities of produce in interstate commerce or contemplation thereof and was at all relevant times subject to licensure under PACA as a dealer.

5. Defendant Au, upon information and belief, was at all relevant times an officer and/or manager of Crystal Cruises during the period of time in question who controlled the operations of Crystal Cruises and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

6. Defendant Jones, upon information and belief, was at all relevant times an officer and/or manager of Crystal Cruises during the period of time in question who controlled the operations of Crystal Cruises and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

7. Defendant Celorio, upon information and belief, was at all relevant times an officer and/or manager of Crystal Cruises during the period of time in question who controlled the operations of Crystal Cruises and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

8. Defendant Hoppe, upon information and belief, was at all relevant times an officer and/or manager of Crystal Cruises during the period of time in question who controlled the operations of Crystal Cruises and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

9. Defendant Anderson, upon information and belief, was at an officer and/or manager of Crystal Cruises during the period of time in question who controlled the operations of Crystal Cruises and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

10. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of PACA, 7 U.S.C. § 499e(c).

11. Crystal Cruises executed Credit Terms with Freedom Fresh which provided that the balance to due Freedom Fresh for all sales shall become immediately due and payable in full upon default in payment of any invoice within terms.

12. Crystal Cruises executed Credit Terms with Freedom Fresh which provided for payment of interest at a rate of 1.5% per month or the highest rate allowed by law, whichever is lower, on any past due amounts and that Crystal Cruises will pay all costs of collection, including reasonable attorneys' fees, expenses, costs of collection, and court costs.

13. On June 24, 2021, Crystal Cruises purchased produce from Plaintiff weighing 7,532 pounds.

14. During the calendar year of 2019, Crystal Cruises purchased $295,986.90 worth of produce from Plaintiff.

15. Between July 1, 2021 and January 17, 2022, Plaintiff sold and delivered to Crystal Cruises goods worth $492,097.92, of which $299,204.63 constitutes wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof.

16. Crystal Cruises accepted the goods and produce without protest.

17. Crystal Cruises has defaulted in payment of multiple Freedom Fresh invoices and the full balance owed to Freedom Fresh is due and payable. Crystal Cruises presently owes Plaintiff the principal amount of $492,097.92, of which $299,204.63 is owed for produce items.

18. At the time of receipt of the produce from Plaintiff, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

19. Plaintiff preserved its interest in the PACA trust in the amount of $299,204.63 by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4).  Plaintiff remains a beneficiary of the PACA trust until full payment is made for the produce.

20. Defendant Au is listed as a Manager on Defendant Crystal Cruises' 2021 Florida Annual Report.

21. On information and belief, by virtue of his position as a Manager of Defendant Crystal Cruises, Defendant Au controlled the operations of Crystal Cruises and was and is in a position of control over the PACA trust assets belonging to Plaintiff.

22. Defendant Jones is listed as a Manager on Defendant Crystal Cruises' 2021 Florida Annual Report.

23. On information and belief, by virtue of his position as a Manager of Defendant Crystal Cruises, Defendant Jones controlled the operations of Crystal Cruises and was and is in a position of control over the PACA trust assets belonging to Plaintiff.

24. Defendant Celorio is listed as a Manager on Defendant Crystal Cruises' 2021 Florida Annual Report.

25. On information and belief, by virtue of his position as a Manager of Defendant Crystal Cruises, Defendant Celorio controlled the operations of Crystal Cruises and was and is in a position of control over the PACA trust assets belonging to Plaintiff.

26. Defendant Hoppe is listed as a Manager on Defendant Crystal Cruises' 2021 Florida Annual Report.

27. On information and belief, by virtue of her position as a Manager of Defendant Crystal Cruises, Defendant Hoppe controlled the operations of Crystal Cruises and was and is in a position of control over the PACA trust assets belonging to Plaintiff.

28. Defendant Anderson is listed as a Manager on Defendant Crystal Cruises' 2021 Florida Annual Report.

29. On information and belief, by virtue of his position as a Manager of Defendant Crystal Cruises, Defendant Anderson controlled the operations of Crystal Cruises and was and is in a position of control over the PACA trust assets belonging to Plaintiff.

30. Defendant Crystal Cruises has suspended its operations.

31. On information and belief, Crystal Cruises' alleged parent company Genting Hong Kong Ltd. filed for liquidation proceedings in Bermuda Supreme Court.

32. Defendants' failure, refusal, and inability to pay Plaintiff, the cessation of Crystal Cruises' operations, and the liquidation proceedings filed by Crystal Cruises' apparent parent

company demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

33. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 32 above as if fully set forth herein.

34. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $299,204.63 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

35. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. Defendants received each of the produce shipments on which this action is based.

38. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

39. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms agreed to between the Parties.

40. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $299,204.63, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT FOOK YEW AU**
(Unlawful Dissipation of Trust Assets by a Company Official)

41. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

42. Defendant Au is an officer and/or manager who operated Crystal Cruises during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

43. Defendant Au failed to direct Crystal Cruises to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

44. Defendant Au's failure to direct Crystal Cruises to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a company official.

45. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST DEFENDANT KEVIN C. JONES**
(Unlawful Dissipation of Trust Assets by a Company Official)

46. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 45 above as if fully set forth herein.

47. Defendant Jones is an officer and/or manager who operated Crystal Cruises during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

48. Defendant Jones failed to direct Crystal Cruises to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

49. Defendant Jones' failure to direct Crystal Cruises to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a company official.

50. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT RICARDO JAVIER CELORIO
(Unlawful Dissipation of Trust Assets by a Company Official)

51. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 50 above as if fully set forth herein.

52. Defendant Celorio is an officer and/or manager who operated Crystal Cruises during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

53. Defendant Celorio failed to direct Crystal Cruises to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

54. Defendant Celorio's failure to direct Crystal Cruises to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

55. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANT JESSICA S. HOPPE
(Unlawful Dissipation of Trust Assets by a Company Official)

56. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 55 above as if fully set forth herein.

57. Defendant Hoppe is an officer and/or manager who operated Crystal Cruises during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

58. Defendant Hoppe failed to direct Crystal Cruises to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

59. Defendant Hoppe's failure to direct Crystal Cruises to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

60. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT JACK DU WAYNE ANDERSON
(Unlawful Dissipation of Trust Assets by a Company Official)

61. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 60 above as if fully set forth herein.

62. Defendant Anderson is an officer and/or manager who operated Crystal Cruises during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

63. Defendant Anderson failed to direct Crystal Cruises to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

64. Defendant Anderson's failure to direct Crystal Cruises to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

65. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

**AS AND FOR A EIGTH CAUSE OF ACTION AGAINST CRYSTAL CRUISES**
(Failure to Pay For Goods Sold)

66. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 65 above as if fully set forth herein.

67. Defendant Crystal Cruises failed and refused to pay Plaintiff the amount of $492,097.92 owed to Plaintiff for goods received by Crystal Cruises from Plaintiff.

68. As a direct and proximate result of Crystal Cruises' failure to pay Plaintiff, Plaintiff has incurred damages in the amount of $492,097.92, plus interest, costs and attorneys' fees.

**AS AND FOR AN NINTH CAUSE OF ACTION AGAINST DEFENDANT CRYSTAL CRUISES**
(Breach of Contract – Invoices)

69. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 68 above as if fully set forth herein.

70. Plaintiff delivered to Crystal Cruises invoices for goods provided to Crystal Cruises.

71. Crystal Cruises received Plaintiff's invoices without objection on or about the dates indicated on each of the invoices.

72. Plaintiff's invoices to Crystal Cruises constitute valid and enforceable agreements between the Parties.

73. Crystal Cruises breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiff.

74. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

75. As a direct and proximate result of the breach of contract by Crystal Cruises, Plaintiff has suffered damages in the amount of $492,097.92, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees)

76. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 75 above as if fully set forth herein.

77. PACA and the Credit Terms executed by Crystal Cruises entitle Plaintiff to recover prejudgment interest at a rate of 1.5% per month or the highest rate allowed by law, whichever is lower, on any past due amounts and that Crystal Cruises will pay all costs of collection, including reasonable attorneys' fees, expenses, costs of collection, and court costs.

78. Interest, attorneys' fees, and costs are deemed "sums owing in connection with" the balance owed to Plaintiff under the PACA trust.

79. As a result of Defendants' failure to make full payment promptly for the Produce sold to and accepted by Defendants, Plaintiff has lost the use of said money.

80. As a result of Defendants' continued failure to make full payment promptly in the amount of $492,097.92, Plaintiff has been required to pay attorneys' fees and costs in order to bring

this action to require Defendants to comply with their contractual obligations and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A.  On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.  On the second cause of action, judgment against Defendants, jointly and severally, in the amount of $299,204.63, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

C.  On the third cause of action, judgment against Fook Yew Au in the amount of $299,204.63, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

D.  On the fourth cause of action, judgment against Kevin C. Jones in the amount of $299,204.63, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

E.  On the fifth cause of action, judgment against Javier Celorio in the amount of $299,204.63, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

F.  On the sixth cause of action, judgment against Jessica S. Hoppe in the amount of $299,204.63, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

G.  On the seventh cause of action, judgment against Jack Du Wayne Anderson in the amount of $299,204.63, plus interest, costs, and attorneys' fees, under the trust provisions of PACA;

H.  On the eighth cause of action, judgment against Crystal Cruises in the amount of $492,097.92, plus interest, costs, and attorneys' fees;

I.  On the ninth cause of action, judgment against Crystal Cruises in the amount of $492,097.92, plus interest, costs, and attorneys' fees;

J.    On the tenth cause of action, judgment against all Defendants, jointly and severally, for prejudgment interest at a rate of 1.5% per month or the highest rate allowed by law, whichever is lower, and for reasonable attorneys' fees, expenses, costs of collection, and court costs; and

K.    Such other and further relief as the Court deems just and proper.


Dated: January 31, 2020

                                                Furr and Cohen, P.A.
                                                Attorneys for Plaintiff


By:    /s/ Marc Barmat
       Marc Barmat
       Florida Bar No. 0022365
       2255 Glades Road, Suite 419A
       Boca Raton, Florida 33431
       (561) 395-0500; (561) 338-7532
       mbarmat@furrcohen.com