UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20327-GAYLES

**FREEDOM FRESH, LLC**,

    Plaintiff,

v.

**CRYSTAL CRUISES, LLC, FOOK YEW AU,
KEVIN C. JONES, RICARDO JAVIER
CELORIO, JESSICA S. HOPPE, and JACK DU
WAYNE ANDERSON**,

    Defendants.
_____/

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

**THIS CAUSE** comes before the Court on Plaintiff Freedom Fresh, LLC's Expedited Motion for *Ex Parte* Temporary Restraining Order (the "Motion") [ECF No. 5]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### BACKGROUND[1]

**I.  Factual Background**

Congress enacted the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA") in 1930 to encourage fair trading practices in the marketing of perishable commodities. *See* [ECF No. 9 at 4]. PACA requires produce dealers to make "full payment promptly" for any produce purchased. *Id.* In 1984, Congress amended PACA to establish a nonsegregated statutory trust under which a produce dealer holds its produce-related assets as a fiduciary until full payment is made

---

[1] The factual background is taken from Plaintiff's Complaint, [ECF No. 1], the instant Motion, its accompanying Memorandum of Law, [ECF No. 9], and supporting evidentiary submissions.

to the produce seller. *Id.*

Plaintiff is in the business of buying and selling wholesale quantities of produce in interstate commerce and is licensed as a PACA dealer. [ECF No. 1 at 2]. Defendant Crystal Cruises, LLC ("Crystal Cruises") is in the business of buying wholesale quantities of produce in interstate commerce or contemplation thereof and, at all relevant times, was subject to licensure under PACA as a dealer. *Id.* At all relevant times, Defendants Fook Yew Au, Kevin C. Jones, Ricardo Javier Celorio, Jessica S. Hoppe, and Jack Du Wayne Anderson were managers and/or officers of Crystal Cruises, (collectively, the "Crystal Cruises' Officers"). *Id.* at 2–3. On multiple occasions between 2019 until 2022, Crystal Cruises bought produce from Plaintiff. *Id.* at 3–4. Pursuant to the Credit Terms that Crystal Cruises executed with Plaintiff, (1) the balance due to Plaintiff for all sales shall become immediately due and payable in full upon default in payment of any invoice within terms; and (2) Crystal Cruises will pay interest at a rate of 1.5% per month or the highest rate allowed by law, whichever is lower, on any past due amounts and will pay all costs of collection. *Id.* at 3.

Between July 1, 2021 and January 17, 2022, Plaintiff sold to Crystal Cruises goods worth $498,079.92, of which $299,204.63 constitutes wholesale quantities of produce. *Id.* at 4. Crystal Cruises failed to pay for any of those goods, despite Plaintiff's repeated demands. [ECF No. 9 at 2]. Upon receipt of the produce from Plaintiff, Plaintiff became a beneficiary in a statutory trust under PACA designed to assure payment to produce suppliers (the "PACA trust"), and Plaintiff preserved its interest in the PACA trust in the amount of $299,204.63 by issuing invoices to Defendants with the required PACA language. [ECF No. 1 at 4]. The Crystal Cruises' Officers maintain control over the PACA trust.

On January 19, 2022, Plaintiff learned that Crystal Cruises had suspended its operations. [ECF No. 9 at 3]. On January 21, 2022, Plaintiff learned that one of Crystal Cruises' ships diverted from

2

Miami to the Bahamas after a warrant was issued for its seizure. *Id.* at 3, 8. On January 24, 2022, Plaintiff learned that Crystal Cruises' parent company filed for liquidation proceedings and that Crystal Cruises will not make any payments until instructed by its banks and attorneys. *Id.* at 3.

## II.     Procedural History

On January 31, 2022, Plaintiff filed its Complaint against Defendants raising the following causes of action: (1) injunctive relief against all Defendants under PACA (Count I); (2) failure to make prompt payment of trust funds against all Defendants under PACA (Count II); (3) unlawful dissipation of trust assets by a company official against all Crystal Cruises' Officers under PACA (Counts III–VII); (4) failure to pay goods sold against Crystal Cruises (Count VIII); (5) breach of contract against Crystal Cruises (Count IX); and (6) interest and attorneys' fees (Count X). [ECF No. 1]. On February 1, 2022, Plaintiff filed the instant Motion and a Motion for Preliminary Injunction. [ECF Nos. 5, 6].

## LEGAL STANDARD

Temporary restraining orders "are meant to preserve the status quo until a preliminary-injunction hearing is held . . . ." *Ga. Advoc. Off. v. Jackson*, 4 F.4th 1200, 1209 (11th Cir. 2021). To obtain a temporary restraining order, the moving party must demonstrate: (1) "a substantial likelihood of success on the merits;" (2) "that irreparable injury will be suffered if the relief is not granted;" (3) "that the threatened injury outweighs the harm the relief would inflict on the non-movant;" and (4) "that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–24 (11th Cir. 2005) (per curiam). Additionally, a court may only issue a temporary restraining order *without notice* to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). "It is well settled that courts may exercise their broad equitable powers by granting *ex parte* temporary restraining orders before a defendant has been served and given an opportunity to respond." *Commodity Futures Trading Commission v. Fingerhut*, No. 20-CIV-21887, 2020 WL 2747448, at *2 (S.D. Fla. May 26, 2020) (citing Fed. R. Civ. P. 65(b)).

In upholding the jurisdiction of district courts to entertain injunctive actions by private parties under PACA, the Eleventh Circuit recognized trust dissipation as a dispositive factor in determining whether to grant relief in such actions:

> Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets. It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim.

*Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) (footnote omitted).

## DISCUSSION

After reviewing the pleadings and record, the Court finds that a temporary restraining order is warranted. As an initial matter, in accordance with Rule 65(b)(1), Plaintiff's counsel has certified why notice should not be required. Specifically, if notice is given to Defendants during the pendency of this Motion, trust assets may be further dissipated before the Motion is heard. [ECF No. 5-1]. As noted in PACA's legislative history, once dissipation has occurred, recovery of trust assets is all but impossible. *See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *J.R. Brooks & Son, Inc. v. Norman's Country Mkt., Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989); *Taylor Farms Fla, Inc. v. Gennaro's Produce, Inc.*, No. 07-CIV-60259, 2007 WL 646987, at*2 (S.D. Fla. Feb. 27, 2007).

Plaintiff's President declares that Plaintiff is a produce dealer and a trust beneficiary under

PACA and has not been paid for produce supplied to Crystal Cruises in the amount of $299,204.63 as required by PACA. *See* [ECF No. 9-1]. Including the unpaid produce, Crystal Cruises has not paid Plaintiff for $492,097.92 worth of goods. [ECF No. 9-1 at 3–4]. Crystal Cruises is also experiencing serious financial problems and has dissipated or is continuing to dissipate PACA trust assets in its possession: Crystal Cruises informed Plaintiff that Crystal Cruises' parent company filed for liquidation proceedings and is unable to pay to Plaintiff the undisputed amount owed of $299,204.63 for produce items without authorization from Crystal Cruises' attorneys or bank. *Id.* at 4. Crystal Cruises has also suspended its operations and a ship affiliated with Crystal Cruises was diverted from Miami to the Bahamas after a warrant was issued for its seizure due to unpaid maritime fuel balances. *Id.* The facts as alleged, if true, show that Plaintiff is substantially likely to succeed on the merits. *See, e.g., Covenant Tomato Sales, Inc. v. Suttles*, No. 10-CIV-337, 2011 WL 3875386, at *2–3 (M.D. Fla. Aug. 31, 2011) (reciting the elements of PACA claims and breach of contract); *Harvest Sensations, LLC v. Worldwide Produce & Groceries, Inc.*, No. 11-CIV-22077, 2011 WL 13319375, at *3 (S.D. Fla. June 17, 2011) (finding requirements for obtaining a preliminary injunction were satisfied where plaintiff, an unpaid producer, alleged four-counts against the defendants for (1) failure to pay PACA trust funds; (2) failure to pay for goods sold; (3) unlawful dissipation of PACA trust assets against the defendant's officer; and (4) interest and attorneys' fees), *report and recommendation adopted*, No. 11-CIV-22077, 2011 WL 13319483, (S.D. Fla. June 21, 2011).

Plaintiff has also shown that it will suffer immediate and irreparable harm due to Defendants' dissipation of Plaintiff's beneficial interest in the PACA trust and that such dissipation will continue in the absence of injunctive relief. *Farmers Potato Distrib., LLC v. G & K Citrus, LLC*, No. 19-CIV-24318, 2019 WL 8273560, at *3 (S.D. Fla. Nov. 26, 2019) ("Money damages are never an adequate remedy when the PACA Trust Assets are being converted or dissipated [and] serious financial jeopardy [of a defendant] also proves irreparable harm."), *report and recommendation*

5

*adopted sub nom. Farmers Potato Distrib., LLC v. G&K Citrus, LLC*, No. 19-CIV-24318, 2019 WL 8273603 (S.D. Fla. Dec. 3, 2019). Moreover, there is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute. *Id.* Lastly, the Court finds that the public interest is furthered by the granting of a temporary restraining order by requiring Defendants' compliance with the statute, enacted to benefit the public. *Id.*

Federal Rule of Civil Procedure 65(c) provides a bond may be ordered for the payment of such "costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "This Court has broad discretion to dispense with the requirement of a bond [and] Courts in PACA Trust cases do not require the posting of any injunction bond given that the PACA Trust Assets held by the Defendants serve as security for the injunction." *Farmers*, 2019 WL 8273560, at *4.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Freedom Fresh, LLC's Expedited Motion for *Ex Parte* Temporary Restraining Order, [ECF No. 5], is **GRANTED**.

2. Defendants, their agents, officers, subsidiaries, assigns, banking institutions, and related entities, shall not alienate, dissipate, pay over or assign any assets of Crystal Cruises or its subsidiaries or related companies until further order of this Court.

3. Defendants shall file with this Court, with a copy to Plaintiff's counsel, an accounting which identifies the assets and liabilities and all funds owed to Crystal Cruises and the basis for same signed under penalty of perjury; and that Crystal Cruises shall also supply to Plaintiff's attorney, within five (5) days of the date of

|   |   |
|---|---|
|   | this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns and bank statements with cancelled checks for the last ninety (90) days. |
| 4. | Bond shall be waived in view of the fact that Defendants now hold $299,204.63 of Plaintiff's PACA Trust assets. |
| 5. | Service of a copy of this Order and the papers upon which it is based, together with the summons and complaint, by Federal Express or other nationally recognized overnight delivery service upon the Defendants on or before February 8, 2022, shall be deemed good and sufficient service thereof. |
| 6. | Answering papers, if any shall be served by Defendants so as to be received by counsel for Plaintiff at least forty-eight (48) hours prior to the return date set forth herein. |
| 7. | Pursuant to Federal Rule of Civil Procedure 65(b)(2), this Order shall expire fourteen (14) days from the date and time indicated hereafter, unless before that time the Court, for good cause, extends it for a like period or Defendants consent to a longer extension. |
| 8. | Pursuant to Federal Rule of Civil Procedure 65(b)(4), on two (2) days' notice to Plaintiff, Defendants may appear and move to dissolve or modify the Order. |

9. The parties shall appear before the Court for a hearing on Plaintiff's Motion for Preliminary Injunction, [ECF No. 4], at **3:00 P.M. on February 17, 2022 over Zoom**. The Zoom dial-in information will be made available on the Court's docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2022 at 4:35 P.M.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE