**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FREEDOM FRESH, LLC,

                Plaintiff,

      - against -

CRYSTAL CRUISES, LLC, FOOK YEW AU, KEVIN
C. JONES, RICARDO JAVIER CELORIO, JESSICA S.
HOPPE, and JACK DU WAYNE ANDERSON,

                Defendants.

Case No. 1:22-cv-20327-DPG

## STIPULATION AND ORDER OF SETTLEMENT

Plaintiff Freedom Fresh, LLC ("Plaintiff" or "Freedom Fresh"), and Defendants Crystal

Cruises, LLC ("Crystal Cruises"), Fook Yew Au ("Au"), Kevin C. Jones ("Jones"), Ricardo Javier

Celorio ("Celorio"), Jessica S. Hoppe ("Hoppe"), and Jack Du Wayne Anderson ("Anderson") (Au,

Jones, Celorio, Hoppe, and Anderson are, collectively, "Individual Defendants"; Crystal Cruises and

Individual Defendants are, collectively, "Defendants"), by and through their respective undersigned

attorneys, agree and stipulate to the following:

    1.     Balances owed to Plaintiff.

        a.  Plaintiff is a qualified trust creditor and beneficiary under the provisions of the

            Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA"),

            of Defendants, jointly and severally, for a debt in the principal amount of

            $299,204.63, plus estimated accrued interest at the rate of 18% *per annum*

            through February 7, 2022 in the amount of $2,600.00 and reasonable attorneys'

            fees, costs, and legal expenses incurred by Plaintiff in the amount of $20,848.31

            for a total debt under PACA in the amount of $322,652.94 (the "PACA Debt").

b.  Additionally, Plaintiff is a creditor of Crystal Cruises for a further debt in the principal amount of $192,893.29, plus estimated accrued interest at the rate of 18% *per annum* through February 7, 2022 in the amount of $1,000.00 plus reasonable attorneys' fees, costs, and legal expenses  (the "Non-PACA Debt").

2.  Payment of Balances Owed to Plaintiff.

a.  For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay, or shall cause to be paid to Plaintiff, or agree to the turnover to Plaintiff funds subject to the Court's *Order Granting Temporary Restraining Order* [ECF No. 18] ("TRO"), as follows:

i.  In satisfaction of the PACA Debt: $322,652.94  within three days of the entry of this Stipulation and Order (the "PACA Payment"); and

ii. In satisfaction of the Non-PACA Debt: $193,893.29 within three days of the entry of this Stipulation and Order (the "Non-PACA Payment") (the PACA Payment and Non-PACA Payment are, together, the "Payments").

3.  Dissolution of Restraints and Turnover of Funds.

a.  Bank of America is hereby authorized and directed to immediately upon receipt of this Stipulation & Order wire the PACA Payment of $322,652.94 to the Client Trust Account of McCarron & Diess pursuant to instructions of Plaintiff's counsel.  Any cost associated with Bank of America making the Payments shall be assessed against Crystal Cruises' accounts.  Bank of America

shall use best efforts to deliver the PACA Payment within three days of entry of this Stipulation and Order.

b.  MUFG Union Bank is hereby authorized and directed to immediately upon receipt of this Stipulation & Order wire the Non-PACA Payment of $193,893.29 to the Client Trust Account of McCarron & Diess pursuant to instructions of Plaintiff's counsel.  Any cost associated with MUFG Union Bank making the Non-PACA Payment shall be assessed against Crystal Cruises' accounts.  MUFG Union Bank shall use best efforts to deliver the Non-PACA Payment within three days of entry of this Stipulation and Order.

c.  Upon Plaintiff's Counsel's receipt of the wire transfer set forth in paragraph 3.a, Plaintiff shall file a *Notice of Compliance with Stipulation*.  Upon the filing of the *Notice of Compliance with Stipulation*, the TRO will be dissolved and the hearing scheduled for February 17, 2022 will be cancelled.

4.  Default. In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, or if a default occurs because the funds necessary to honor the instrument tendered for payment are unavailable or insufficient for any reason, Defendants shall have the right to cure such default by paying the amount due within three days after notice of such default is sent to counsel for Defendants, Jessica Hoppe, Esq., jhoppe@crystalcruises.com.  Notwithstanding the foregoing, Defendants' right to cure a default in making the payments as provided hereinabove shall be limited to one such occurrence, and this provision is of the essence.  In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall

include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5.   In the event Defendants default in their payment obligations as set forth in Paragraph 2 above, and Defendants either fail to cure such default or are not allowed to cure such default pursuant to Paragraph 4 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Defendants, Jessica Hoppe, Esq., jhoppe@crystalcruises.com, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as <u>Exhibit A</u>.  The judgment for the PACA Debt prescribed in the Final Order and Judgment shall be in favor of Plaintiff and against Defendants, jointly and severally, and the judgment for the Non-PACA Debt prescribed in the Final Order and Judgment shall be in favor of Plaintiff and against Crystal Cruises. The amounts of the judgments shall be as set forth in Paragraph 1 above, plus any additional reasonable attorneys' fees and costs incurred by Plaintiff following the date of this Stipulation and Order, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order or otherwise.

6.   <u>Reservation of Rights.</u>

a.   The Parties' agreement to the Payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3).  The original credit terms between the Parties are not intended to

be modified, nor are they modified by this Stipulation and Order. Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under said trust.

7.     Releases.

a.     Release of Individual Defendants by Freedom Fresh. Effective upon Plaintiff's receipt of the PACA Payment in good and sufficient funds Freedom Fresh, on behalf of its directors, officers, members, equity holders, parents, subsidiaries, affiliates, partners, employees, agents, representatives, executors, trustees, receivers, attorneys and accountants, and each of their respective successors, heirs and assigns (collectively, the "PACA Releasing Parties"), hereby release and discharge Individual Defendants, subject to the exclusions set forth below, from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities, at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess, whether known or unknown, foreseeable or unforeseeable, asserted or unasserted, or liquidated or unliquidated, including, without limitation, any claims, damages, expenses, fees or causes of action arising out of or related to this case (the "Action").

b.     Freedom Fresh's Release of Crystal Cruises. Effective upon receipt of the Payments in good and sufficient funds, Freedom Fresh, hereby releases

and discharges Crystal Cruises, subject to the exclusions set forth below, from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities, at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess, whether known or unknown, foreseeable or unforeseeable, asserted or unasserted, or liquidated or unliquidated, including, without limitation, any claims, damages, expenses, fees or causes of action arising out of or related to the Action.

      c.  <u>Defendants' Releases</u>. Defendants release on behalf of themselves and their respective directors, officers, members, equity holders, parents, subsidiaries, affiliates, partners, employees, agents, representatives, executors, trustees, receivers, provisional liquidators, attorneys and accountants, and each of their respective successors, heirs and assigns hereby release and discharge, subject to the exclusions set forth below, the PACA Releasing Parties from any and all claims, demands, debts, liens, causes of action, obligations, promises, agreements, damages, costs, losses, expenses of any nature or liabilities, at law or in equity, in contract or in tort, by statute or at common law, which they may now have or may hereafter claim to hold or possess, whether known or unknown, foreseeable or unforeseeable, asserted or unasserted, or liquidated or unliquidated, including, without limitation, any claims, damages, expenses, fees or causes of action arising out of or related to the Action.

    d.  Exclusions.

        i.  These releases do not release any party from its, his, or her obligations, agreements, and representations as stated herein and set forth by order of the Court.  The foregoing releases shall not be deemed to release or discharge any current, ongoing, or future transactions between the Parties which are not included in this Action, including without limitation in connection with any future avoidance action under applicable bankruptcy law under this Agreement; and, in the event of a bankruptcy filing by Crystal Cruises, Freedom Fresh's claims shall be deemed to remain in full force and effect including for defensive purposes, such as to defend any claims brought by or on behalf of the Crystal Cruises or its creditors.

       ii.  Defendants warrant and represent that there are no third parties or creditors with rights superior to those of Freedom Fresh in the funds which constitute the Payments. Defendants agree that they will, jointly and severally, indemnify, defend, and hold harmless Freedom Fresh from all actions, suits, claims, causes of action and proceedings, regardless of whether they are groundless, false, or fraudulent, and any judgments, damages (including compensatory, exemplary, punitive, special, consequential, and incidental damages), fines, fees, costs and expenses by any third-party in any way related to or arising out of the PACA Payment. Crystal Cruises agrees that it will indemnify, defend, and hold harmless Freedom Fresh from all actions, suits, claims, causes of action and proceedings, regardless of whether they are groundless, false, or fraudulent, and any judgments,

damages (including compensatory, exemplary, punitive, special, consequential, and incidental damages), fines, fees, costs and expenses by any third-party in any way related to or arising out of the Non-PACA Payment. Notwithstanding any release provisions herein, to the extent Freedom Fresh is required to disgorge any part of the Payments, whether to a PACA trust creditor or otherwise, the full amount of the PACA Debt and Non-PACA Debt, as the case may be, plus additional interest, costs, and attorneys' fees, less any funds retained by Freedom Fresh, shall be become immediately due and owing.

8. <u>Miscellaneous</u>.

    a. Without altering or limiting any other provision of this Stipulation and Order, Plaintiff (and its counsel) and Defendants (and their counsel) shall each: (i) cooperate with the other in good faith; and (ii) timely execute and deliver such documents and other things as may be necessary to effectuate the provisions of this Stipulation and Order, including but not limited to entry of judgment as contemplated herein.

    b. No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

    c. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

- 9 -

    d.  The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys, and having availed themselves of that opportunity to the extent they desired to do so.

    e.  The Court shall retain jurisdiction over this action and the Parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof.

    f.  This case shall be administratively closed, but may be reopened to enforce the terms and conditions of the Stipulation and Order without further costs or fees.

    g.  This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

<u>IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT</u>:

Dated this  8th  day of February, 2022.

Furr and Cohen, P.A.

By:  ___/s/ Marc Barmat_____          By:  ___/s/ Jessica Hoppe_____
Marc Barmat                                                Jessica Hoppe
Florida Bar No. 0022365                              Florida Bar No. 1009628
2255 Glades Road, Suite 419A                    Senior Vice President & General
Boca Raton, Florida 33431                          Counsel
(561) 395-0500; (561) 338-7532                  Crystal Cruises, LLC
mbarmat@furrcohen.com                            1501 Biscayne Blvd. Suite 501
                                                             Miami, FL 33132
and                                                          (786) 971-1170
                                                             jhoppe@crystalcruises.com
McCARRON & DIESS

By:  ___/s/ Kate Ellis_____            *Attorney for Defendants Crystal Cruises,*
Kate Ellis                                                 *LLC, Fook Yew Au, Kevin C. Jones,*
4530 Wisconsin Ave., NW, Ste. 301          *Ricardo Javier Celorio, Jessica S.*
Washington, D.C. 20016                            *Hoppe, and Jack Du Wayne Anderson*
(202) 364-0400
(202) 364-2731 (fax)
kellis@mccarronlaw.com
*Pro Hac Vice*

*Attorneys for Freedom Fresh, LLC*


<u>SO ORDERED:</u>

ENTERED this __8th__ day of February, 2022.



_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE