UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FREEDOM FRESH, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>CRYSTAL CRUISES, LLC, FOOK YEW AU, KEVIN C. JONES, RICARDO JAVIER CELORIO, JESSICA S. HOPPE, and JACK DU WAYNE ANDERSON,<br><br>Defendants. | Case No. 1:22-cv-20327-DPG |

**EMERGENCY MOTION TO REOPEN CASE AND EXTEND ORDER GRANTING TEMPORARY RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Freedom Fresh, LLC, pursuant to Fed.R.Civ.P 65(b)(2) and Local Rule 7.1(d), by and through undersigned counsel, moves this Court to reopen this case to enforce the Stipulation and Order of Settlement ("Stipulation & Order") [ECF No. 23] and for entry of an Order Extending the Order Granting Temporary Restraining Order. In support thereof, Plaintiff respectfully refers the Court to the memorandum of law below and the proposed order filed herewith, and states as follows:

**STATEMENT OF FACTS**

1. Plaintiff commenced this action with the filing of a complaint and request for entry of a Temporary Restraining Order against Defendants, alleging *inter alia* violations of the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA") [ECF No. 1].

2. This Court entered the Order Granting Temporary Restraining Order ("TRO") on February 4, 2022, which in relevant part provided that, "Defendants, their agents, subsidiaries,

assigns, banking institutions, and related entities, shall not alienate, dissipate, pay over or assign any assets of Crystal Cruises or its subsidiaries or related companies until further order of this Court." TRO ¶ 2 [ECF No. 18]. A hearing on Plaintiff's Motion for Preliminary is set for February 17, 2022 at 3:00 pm ET. *Id.*

3. The TRO "shall expire fourteen (14) days from the date and time indicated hereafter, unless before that time the Court, for good cause, extends it for a like period or Defendants consent to a longer extension." TRO ¶ 7.  The TRO was entered at 4:45 pm ET on February 4, 2022, and therefore expires at 4:45 pm ET on February 18, 2022.

4. The TRO was served on Bank of America, N.A. ("Bank of America") on February 4, 2022.

5. On February 8, 2022, the Court entered the Stipulation & Order approving a settlement agreement through which Defendants agreed to pay, cause to be paid, or agree to turnover to Plaintiff, $322,652.94 ("PACA Payment") in satisfaction of the balance due under PACA, among other provisions.  Stipulation & Order ¶ 2 [ECF No. 23].

6. Bank of America was served with the Stipulation & Order on February 8, 2022. Bank of America was directed to immediately upon receipt of the Stipulation & Order turn over the PACA Payment to the trust account of Plaintiff's counsel. *Id.* ¶ 3(a). As stated in the Non-Party Bank of America, N.A.'s Expedited Motion for Extension of Time to Comply with or Seek Clarification of Stipulation and Order of Settlement [DE 23], filed February 14, 2022, Bank of America seeks consent or comfort from third parties prior to turning over the funds as required by the Stipulation & Order [ECF No. 24].  Bank of America requested a brief extension of time to comply with or seek clarification of the Stipulation & Order. *Id.* Counsel for Plaintiff does not believe that Bank of America has grounds to refuse to turn over the PACA Payment, and has been in regular

communication with counsel for Bank of America and others to try to expeditiously resolve this issue.

7. The Stipulation & Order provides that the Court shall retain jurisdiction over this action and the parties in order to enforce its terms and conditions. Stipulation & Order ¶ 8(e). It also provides that this case is administratively closed, but may be reopened to enforce the terms and conditions of the Stipulation & Order. *Id.* ¶ 8(f).

## DISCUSSION

8. The Stipulation & Order directed Bank of America to "immediately" turn over the PACA Payment, and further clarified that the bank was to comply with the Stipulation & Order within three (3) days, or by February 11, 2022. Stipulation & Order ¶ 3(a).

9. Per the Stipulation & Order, the TRO remains in place until Plaintiff receives the PACA Payment and files the Notice of Compliance with Stipulation, at which time the TRO is dissolved and the hearing on Plaintiff's Motion for Preliminary Injunction set for February 17, 2022 at 3:00 pm ET is canceled. Stipulation & Order ¶ 3(c).

10. Fed.R.Civ.P 65(b)(2) provides in relevant part that a TRO " expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." By operation of this Rule, the TRO in this matter expires at 4:45 pm ET on February 18, 2022.

11. Last week, outside counsel for Bank of America from a different firm than that which has appeared in this matter advised counsel for Plaintiff he understood the PACA Payment would be wired on February 9, 2022 and made the same representation on February 10, 2022. No wires were received, and counsel for Plaintiff continued to pursue compliance with the Stipulation

& Order.  On February 15, 2022, counsel for Bank of America in this matter represented that the earliest that the PACA Payment could be received by counsel for Plaintiff is via bank check delivered on February 17, 2022.  Counsel for Bank of America had previously represented that the PACA Payment could be made within one business day, but informed counsel for Plaintiff on February 15, 2022 that it would take 48 hours to process the PACA Payment.

12. Under these circumstances, Plaintiff respectfully requests that this case be reopened to enforce the terms of the Stipulation & Order.

13. In order to avoid the expiration of the TRO by operation of Fed.R.Civ.P. 65(b)(2), Plaintiff respectfully requests that the TRO be extended by 14 days, or until the terms of the Stipulation & Order are fulfilled, at which time Plaintiff will file the Notice of Compliance with Stipulation, whichever is earlier.

14. Plaintiff makes this motion in order to preserve its rights and ensure that the *status quo* is maintained.  Plaintiff reserves all rights, including the right to file a motion for order to show cause why Bank of America should not be held in contempt of Court for its failure to comply with the Stipulation & Order.

15. Pursuant to Local Rule 7.1(d), Plaintiff respectfully requests a ruling on this emergency motion on or before February 17, 2022.  This motion is made on an emergency basis because Bank of America's counsel has represented that the earliest it will be able to deliver the PACA Payment via bank check to counsel for Plaintiff is February 17, 2022. There are no guarantees the funds will be received by then.  In addition, the hearing on Plaintiff's Motion for Preliminary Injunction is set for February 17, 2022, and if a ruling is not made before this date, the TRO will expire on February 18, 2022.

WHEREFORE, Plaintiff moves that this case be reopened to enforce the terms of the Stipulation & Order; the TRO be extended by 14 days, or until the terms of the Stipulation & Order are fulfilled, at which time Plaintiff will file the Notice of Compliance with Stipulation; the hearing on Plaintiff's Motion for Preliminary Injunction be continued; and for such other and further relief as the Court deems necessary and appropriate.

### Local Rule 7.1(d)(1) Certification

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated: February 15th , 2022

        Furr and Cohen, P.A.
        Attorneys for Plaintiff

By:   /s/ Marc Barmat
       Marc Barmat
       Florida Bar No. 0022365
       2255 Glades Road, Suite 419A
       Boca Raton, Florida 33431
       (561) 395-0500; (561) 338-7532
       mbarmat@furrcohen.com

and

McCARRON & DIESS

By:  /s/ Kate Ellis
      Kate Ellis
      4530 Wisconsin Ave., NW, Ste. 301
      Washington, D.C. 20016

(202) 364-0400<br>
(202) 364-2731 (fax)<br>
kellis@mccarronlaw.com<br>
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HREBY CERTIFY that a true and correct copy of the foregoing was served in the manner indicated on this 15th day of February, 2022, upon the parties provided below.

By /s/ Marc P. Barmat
MARC P. BARMAT

**SERVED VIA ELECTRONIC NOTICE:**
- Kate Ellis   kellis@mccarronlaw.com
- Marc Philip Barmat   mbarmat@furrcohen.com, atty_furrcohen@bluestylus.com, rrivera@furrcohen.com, staff1@furrcohen.com
- Miguel Mario Cordano   mc@lgplaw.com, mfs@lgplaw.com, service@lgplaw.com

**SERVED VIA EMAIL:**
- Jessica Hoppe jhoppe@crystalcruises.com