UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CV-20327-DPG

FREEDOM FRESH, LLC,

    Plaintiff,

v.

CRYSTAL CRUISES, LLC, FOOK YEW AU,
KEVIN C. JONES, RICARD JAVIER CELORIO,
JESSICA S. HOPPE, and JACK DU WAYNE
ANDERSON,

    Defendants,

_____/

**NON-PARTY BANK OF AMERICA, N.A.'S AMENDED EXPEDITED MOTION
(AS TO CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3))
FOR EXTENSION OF TIME TO COMPLY WITH OR SEEK CLARIFICATION OF
STIPULATION AND ORDER OF SETTLEMENT [DE 23]**

    Non-Party, Bank of America, N.A. ("Bank of America" or the "Bank"), by and through its undersigned counsel, hereby moves this Court for a brief extension of time to comply with or seek clarification of the Stipulation and Order of Settlement [DE 23], and as grounds thereof states as follows:

    1.    Non-party, Bank of America, a neutral stakeholder, hereby requests an expedited ruling by the close of business on **Friday, February 18, 2022**, extending the time to comply with or clarifying the Stipulation and Order of Settlement, requiring the Bank to turnover funds to Plaintiff's counsel by February 11, 2022, in light of the competing claims by Crystal Cruises, LLC's creditors or interested persons directed at the Bank with respect to the funds at issue in the Stipulation and Order of Settlement.

    2.    In compliance with Local Rule 7.1(a)(3), the undersigned conferred with counsel over the telephone on February 15, 2022 with counsel for all parties and non-parties who may be

**CASE NO.: 22-CV-20327-DPG**

affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and counsel for all parties and non-parties have no objection to the relief sought in this motion.

3. On January 31, 2022, Plaintiff Freedom Fresh, LLC, initiated the instant lawsuit against Crystal Cruises, LLC, and other defendants.

4. On or about February 4, 2022, this Court issued an Order Granting Temporary Restraining Order (the "TRO") [DE 18], which provides in relevant part that "…banking institutions…shall not alienate, dissipate, pay over or assign any assets of Crystal Cruises or its subsidiaries or related companies until further order of this Court."

5. On or about February 8, 2022, the parties entered into a settlement agreement whereby they stipulated for non-party Bank of America to wire "$322,652.94 to the Client Trust Account of McCarron & Diess pursuant to the instructions of Plaintiff's counsel" [DE 21]. (the "Settlement Stipulation").

6. That same date, this Court adopted the Settlement Stipulation by executing the Stipulation and Order of Settlement [DE 23] (the "Stipulated Turnover Order"). The Stipulated Turnover Order provides for the Bank to make best efforts to deliver the "PACA Payment" within three days of entry of this Stipulation and Order.

7. The Bank is holding funds pursuant to the TRO and other competing legal orders issued by another court. The Bank has reached out to the competing creditor and is trying to obtain a clear response on whether the creditor unconditionally consents to the Bank delivering the PACA payment.

8. In addition, Defendant Crystal Cruises, LLC notified the Bank's outside counsel on Friday afternoon that Crystal Cruises, LLC had commenced an Assignment for the Benefit of

**CASE NO.: 22-CV-20327-DPG**

Creditors. To date, the Bank has not received the assignment or related records. The Assignee does not object to the Bank making the PACA Payment but expects funds in excess of the PACA Payment to be disbursed to him.

9. The undesigned has therefore requested Defendant Crystal Cruises, LLC to provide joint written instructions from all persons with a potential claim to the funds comprising the PACA Payment that they have no objection to the Bank making the PACA payment without imposing any conditions on the Bank in exchange for their consent.

10. The Bank is a neutral stakeholder and should not be required to determine the priority of competing claims by Crystal Cruises, LLC's creditors or interested persons.

**WHEREFORE**, BANK OF AMERICA respectfully requests that the Court enter an Order granting the Bank a brief extension of time to comply with or seek clarification of the Stipulation and Order of Settlement [DE 23], and for any other relief this Court deems just and proper.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3);
CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Bank of America, N.A.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: /s Miguel M. Cordano
MIGUEL M. CORDANO
Florida Bar No.: 0523682
mc@lgplaw.com
JAIMEE L. BRAVERMAN
Florida Bar No. 62452
jlb@lgplaw.com

**CASE NO.: 22-CV-20327-DPG**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 15, 2022, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Miguel M. Cordano
MIGUEL M. CORDANO
